UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>ERIC LADEAUX,<br><br>    Defendant. | 5:21-CR-50052-JLV<br><br>ORDER DENYING MOTIONS TO SEVER (DOC. 221) |

  Eric Ladeaux filed a Motion to Sever requesting his case be completely severed from that of his co-defendants. (Doc. 221). The United States opposes the motion. (Doc. 250). A grand jury returned an Indictment alleging defendant Eric Ladeaux and eight other co-defendants with conspiracy to distribute a controlled substance, a violation of federal law under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 134). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

  **A. The Defendants are Properly Joined under Rule 8(b)**

   *i. Legal Standard for Joinder under Rule 8(b)*

  When considering a motion for severance, the district court must first determine whether joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). Federal Rule of Criminal Procedure 8(b) provides two or more

1

defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has held, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).

>    ii.  *Defendants are Properly Joined*

In the present case, joinder of the defendants is proper. All the defendants are alleged to have conspired together to distribute methamphetamine. At trial, the United States has the burden to show each defendant's knowledge and participation. Thus, in order to convict, the government must prove that the defendants all engaged in same series of acts or transactions, constitutes an offense or offenses. In light of proper joinder of defendants, the issue then becomes whether the joinder is prejudicial, permitting severance.

> **B. Defendants have not Shown Prejudice Warranting Severance under Rule 14(a)**

>    i.  *Legal standard for severance under rule 14(a)*

Severance under Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"To grant a motion for severance, the necessary prejudice must be severe or compelling." United States v. George, 548 F. Supp. 2d 713, 720

(D.S.D. 2008).  "[A] defendant must show 'real prejudice', that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'"  United States v. Collins, 240 F. Supp.2d 1078, 1081 (D.S.D. 2002) (quoting United States v. Mickelson, 378 F.3d 810, 817-18 (8th Cir. 2004)).  "A defendant can show real prejudice either by showing that [his] defense is irreconcilable with the defense of [his] codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants."  United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).  Even though "one of the co-defendants may try to shift the blame to the other" that does "not mandate separate trials."  Collins, 240 F. Supp.2d at 1081; see also United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Johnson, 944 F.2d 396, 402–03 (8th Cir.).

     In the case of Zafiro, the United States Supreme Court declined to adopt a bright-line rule requiring severance when prejudice is shown or when co-defendants present antagonistic defenses.  Zafiro, 113 S.Ct. 933.  Instead, district courts are allowed wide discretion to tailor relief to the specific situation presented by each case.  Id. at 538.

     "Joint trials play a vital role in the criminal justice system" by promoting efficiency and serving "the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  Id. (internal quotations omitted).  "[A] joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome."  George, 548 F.2d at 720.  "Persons charged with a conspiracy will generally be tried together, especially

3

where proof of the charges against each of the defendants is based on the same evidence and acts.  Rarely, if ever, will it be improper for co-conspirators to be tried together." Id. (quoting United States v. Kime, 99 F.3d 870, 880 (8th Cir.1996)); see also United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006).

This clear preference for joinder, applicable here, may be overcome if the party moving to sever "can show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." United States v. Clay, 579 F.3d 919, 927 (8th Cir. 2009).  A court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. George, 548 F. Supp. 2d at 720.

### ii. *Ladeaux has not met his burden to demonstrate prejudice warranting severance*

When joinder is proper under Rule 8, the defendant seeking to sever his case has the burden to demonstrate how a joint trial would prejudice his right to a fair trial.  Darden, 70 F.3d at 1526.

Ladeaux has three arguments in favor of severance.  (Doc. 222, pg. 3-5). First, defendant argues that severance is warranted because the jury will be unable to compartmentalize the evidence that will be presented in this case. (Doc. 222, pg. 3-4).  Second, defendant argues that he has been implicated so minorly that it is unfair and unduly prejudicial that his trial be held alongside his co-defendants.  Id.  Third, defendant argues that his trial strategies and defense are irreconciled, which will lead to "a cycle of codefendants pointing the finger at one another." (Doc. 222, pg. 4).  The court will address each argument separately.

4

**a. Jury's Ability to Compartmentalize**

Ladeaux has failed to demonstrate prejudice warranting severance of co-defendants based on the jury being unable to compartmentalize the evidence that will be presented in this case. (Doc. 222, pg. 3-4).

Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." George, 548 F. Supp. 2d at 721 (quoting Kime, 99 F.3d at 880). "In assessing the jury's ability to compartmentalize the evidence against joint defendants, we consider the complexity of the case, whether any of the defendants was acquitted, and the adequacy of the jury instructions and admonitions to the jury." United States v. Lewis, 557 F.3d 601, 613 (8th Cir. 2009) (quoting United States v. Ghant, 339 F.3d 660, 666 (8th Cir.2003)).

This case is not overly complex. Although the government anticipates calling at least 20 to 30 witnesses at trial, it involves one single conspiracy to distribute a controlled substance. (Doc. 250, pg. 5). Some of Ladeaux's co-defendants have already entered guilty pleas. (Docs. 235 and 256). None of the defendants have been acquitted. The United States anticipates that three or four co-defendants will proceed to trial. (Doc. 250, pg. 5). A trial with three or four defendants involving in one single conspiracy is not overly complex.

Furthermore, the court can issue a "limiting instruction that each defendant is entitled to have his case decided solely on the evidence which

5

applies to him, and that the jury must give separate consideration to the evidence about each individual Defendant." United States v. Roundtree, 5:20-cr-50051-KES (Doc. 248) (quoting United States v. Benedict, 855 F.3d 880, 885 (8th Cir. 2017). This limiting instruction will cure any possible risks that the jury will be unable to "compartmentalize the evidence against each defendant." Id. During trial, the court can give proper admonitions to the jury. There has not been a sufficient showing that the jury will be unable to compartmentalize the evidence.

### b. Joint Trial is not Unfair or Unduly Prejudicial

Ladeaux argues that his self-purported minimal involvement in the instances surrounding the allegations in the indictment demand severance. (Doc. 222 pg. 4). However, "[d]isparity in the weight of the evidence between the codefendants is not a sufficient reason for severance." Bordeaux, 84 F.3d at 1547 (internal citation omitted). See also United States v. Faul, 748 F.2d 1204, 1217 (8th Cir. 1984) ("Severance is not required merely because the evidence against one defendant is more damaging than the evidence against another.).

Barth involved a drug conspiracy in which the conspiracy "involved the same drugs, locations of supply, means of transportation, and points of distribution." States v. Barth, 424 F.3d 752, 759–60 (8th Cir. 2005). Similar to Barth, the danger of unfair prejudice is slight because each defendant's "participation in the conspiracy . . . is easy to identify and separate from that of the other conspirators," and the evidence is "easy to compartmentalize." Id.

6

Ladeaux is not entitled to severance simply because the evidence against him was less damaging than was the evidence against his co-defendants. See United States v. Hively, 437 F.3d 752, 765 (8th Cir.2006) ("Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased." (internal citation omitted)). Despite the degree of involvement on the part of each of the defendants, the record does not indicate that the evidence "was of such a nature that the jury could not compartmentalize it" appropriately.

Even if there was a risk of prejudice, the court could cure it with "limiting jury instructions that each defendant is entitled to have his case decided solely on the evidence which applies to him, and that the jury must give separate consideration to the evidence about each individual Defendant." Roundtree, 5:20-cr-50051-KES (Doc. 248) (quoting Benedict, 855 F.3d at 885. Aided by the court's instructions, the court concludes a jury will be able to "compartmentalize the evidence against each defendant." Id.; United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990). Ladeaux fails to "show that the benefits [of joinder] are outweighed by a clear likelihood of prejudice." Clay, 579 F.3d at 927. The court finds joinder is consistent with Rule 14.

### c. Trial Strategy of Blaming Co-Defendants

"One defendant's efforts to exonerate himself at the expense of another is not sufficient to require separate trials." United States v. Morris, 18 F.3d 562, 566 (8th Cir. 1994) (internal citations omitted).

7

In Shivers, the court held that although the co-defendant's defenses shifted the blame to another defendant, their defenses were not irreconcilable. United States v. Shivers, 66 F.3d 938, 940 (8th Cir.1995). The co-defendants in Shivers were accused of distributing cocaine. Id. They each pointed the finger at the other. Id. One claimed he did not know the package handed to him by the other was cocaine; the other claimed he did not know there was cocaine in the car, nor did he give his co-defendant any cocaine. Id. The Shivers court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another co-defendant is not a sufficient ground to require severance." Id.

Similar to the facts of this case, the co-defendants were indicted for participating in a conspiracy. At trial each may "point[ ] the finger at each other." (Doc. 222, pg. 4). However, that does not mean their defenses are not irreconcilable.

Thus, Ladeaux has failed to meet his burden to demonstrate prejudice warranting severance from co-defendants. Joint trials will "conserve [] funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. 438, 449 (1986). Mr. Ladeaux failed to meet his burden that severance of trials is merited.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendants Motions to Sever (Doc. 221) be denied.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a) Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of September, 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge