UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>ERIC LADEAUX,<br><br>            Defendant. | 5:21-CR-50052-JLV<br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DOC. 237) |

## **INTRODUCTION**

A grand jury returned an Indictment alleging defendant Eric Ladeaux and eight other co-defendants with conspiracy to distribute a controlled substance, a violation of federal law under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 134). Mr. Ladeaux filed a motion to dismiss on statutory and constitutional speedy trial grounds. (Doc. 237). The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

## **RECOMMENDATION**

It is respectfully recommended that Mr. Ladeaux's motion to dismiss be denied.

## BACKGROUND

On March 18, 2021, seven defendants were indicted with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §841(b)(1)(B). (Doc. 1). After a Second Superseding Indictment was filed adding Eric Ladeaux to the conspiracy charge, he made his initial appearance on November 15, 2021. (Doc. 146). The trial of this matter was set for January 25, 2022. (Doc. 150).

On December 30, 2021, co-defendant Taylor Hise moved to continue the trial. (Doc. 159). Co-defendants Dunn and Valenzuela consented to the continuance. (Docs. 161 and 169). Mr. Ladeaux objected to the continuance. (Doc. 160). The Court overruled his objection and granted the motion, and the trial was continued to April 19, 2022. (Doc. 163, pg. 1). The court found "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial." Id.

On February 22, 2022, co-defendant Devina Desersa moved for a continuance of the trial date. (Doc. 179). Mr. Ladeaux did not object to that motion. Co-defendant Valenzuela consented to the continuance. (Doc. 194). The Court, granting the motion to continue, found "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial." (Doc. 181, pg. 1). The trial was set for May 17, 2022. Id.

On April 22, 2022, co-defendant Hise filed a motion for a continuance. (Doc. 202). Co-defendant Valenzuela consented to the continuance. (Doc. 207). The Court granted the motion finding that "the ends of justice served by

continuing this trial outweigh the best interests of the public and the defendants in a speedy trial." (Doc. 203, pg. 1). The trial was set for August 9, 2022. Id.

On July 6, 2022, co-defendant Desersa filed a motion to continue the deadlines in the Court's scheduling order. (Doc. 208). On July 18, 2022, Co-defendant Rita Green joined in Desersa's motion. (Doc. 218). Mr. Ladeaux and co-defendant Dunn opposed the motion. (Docs. 209 and 210).

On July 22, 2022, Eric Ladeaux filed a series of motions—to sever (Doc. 221), for bill of particulars (Doc. 223), for disclosure of impeaching information (Doc. 225), for disclosure of witness inducements (Doc. 226), in limine (Doc. 227), and another limine motion (Doc. 228). On July 25, 2022, the Court vacated the deadlines in its scheduling order pending resolution of these motions. (Doc. 231). On August 9, 2022, Eric Ladeaux filed this Motion to Dismiss asserting that dismissal is proper due to speedy trial violations. The United States filed a brief in opposition to the motion on August 16, 2022. (Doc. 244).

## DISCUSSION

### I. Motion to Dismiss the Indictment

#### A. Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. §§ 3161-74, requires that a defendant be brought to trial within seventy days after his indictment or first appearance, whichever is later. The Act lists the periods of time excludable from the 70 days. 18 U.S.C. § 3161(h). One is for the "delay resulting from any pretrial

3

motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D); United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006).  Another reason for delay to be excluded from the speedy-trial calculation is if a district court finds "the ends of justice so require" and "sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A)).  This type of excludable time can result from "a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." Id.

"It is the defendant's burden to show that the motion should be granted." United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014) (quoting United States v. Villarreal, 707 F.3d 942, 953 (8th Cir. 2013)).

Defendant argues the Act's 70-day requirement has been violated and moves to dismiss the indictment on that ground. (Doc. 237). Defendant argues that under the Speedy Trial Act, 250 non-excludable days have lapsed between his Initial Appearance and the filing of his motions on July 22, 2022. (Doc. 238, pg. 3).  However, motions filed by one defendant in a multi-defendant case count as motions filed by all of the defendants, and the reasonable time taken to determine those motions will count as excludable time for all defendants. United States v. Fuller, 942 F.2d 454; see also United

States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014) (explaining that "[e]xclusions of time attributable to one defendant apply to all codefendants").

Co-defendants in this case have requested numerous motions for continuances which has tolled Mr. Ladeaux's speedy trial clock. The first motion for continuance occurred on December 30, 2021. (Doc. 159). This court granted the motion based on an explicit finding "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial." (Doc. 163, pg. 1). The next request for continuance was on February 22, 2022; the court found "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial." (Docs. 179 and 181, pg. 1). The trial was set for May 17, 2022. (Doc. 181, pg. 1). The third motion for continuance occurred approximately one month prior to trial on April 22, 2022. (Doc. 202). The Court granted the motion finding that "the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial." (Doc. 203, pg. 1). The trial was set for August 9, 2022. Id. The final motion for continuance occurred approximately one month prior to trial on July 6, 2022. (Doc. 208).

These motions, made before the scheduled trial date, were all granted based on finding by the Court that the continuances were in the interest of justice and the court noted on its orders that the delays associated with the continuance were excluded from the calculation of when trial had to begin; thus, the time was excluded though the trial date, which was August 9, 2022.

5

(Docs. 163, 181, and 203). Finally, Mr. Ladeaux filed a series of motions on July 22, 2022, follow by this motion on August 9, 2022. (Docs. 221-228 and 238). The filing of motions again stopped the clock. The clock is currently stopped because the court has time for the "prompt disposition" of the motion. 18 U.S.C. § 3161(h)(1)(D)).

Thus, the time prior to August 9, 2022, is excluded from statutory calculation, 18 U.S.C. § 3161(h)(7)(A), and the time after August 9, 2022, is excludable time under 18 U.S.C. § 3161(h)(1)(D)); therefore, the Speedy Trial Act has not been violated.

### B. Sixth Amendment of the United States Constitution.

"Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." United States v. Williams, 557 F.3d 943, 951 (8th Cir. 2009). "As to the separate Sixth Amendment speedy trial claim, [the United States Court of Appeals for the Eighth Circuit] stated that '[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" Shepard, 462 F.3d at 864 (quoting United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003)). A defendant's Sixth Amendment right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)). Unlike a Speedy Trial Act analysis, the Sixth Amendment does not specify a time limit in which an accused must be brought to trial. See U.S. Const. amend. VI.

To assist the courts in evaluating speedy trial claims, a four-factor balancing test was established in Barker, "in which the conduct of both the prosecution and the defendant are weighed." Barker v. Wingo, 407 U.S. 514, 522 (1972). These factors are the 1) length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to speedy trial; and 4) the prejudice to the defendant. Id.

### 1) Length of the Delay

"[T]he Sixth Amendment right to a speedy trial attach at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Sprouts, 282 F.3d 1037, 1042 (8th Cir. 2002)). This Court acknowledges that 300 days (or 10 months) is a lengthy delay. But the Eighth Circuit has permitted even longer delays under the Sixth Amendment. Mallett, 751 F.3d 907 (deciding over seventeen months between indictment and trial was "justifiable"); United States v. Jenkins–Watts, 574 F.3d 950, 966–67 (8th Cir.2009) (over eighteen months); United States v. Summage, 575 F.3d 864, 870, 876 (8th Cir.2009) (over thirty-two months); Aldaco, 477 F.3d at 1018–20 (forty months).

Next, the court needs to determine if the delay was "presumptively prejudicial" and stretches beyond the "bare minimum" needed to trigger judicial examination of the remaining factors. United States v. Sims, 847 F.3d 630, 636 (8th Cir. 2017). The Sims Court found that a delay of twenty-two and a half months was "presumptively prejudicial" and stretches beyond the "bare minimum" needed to trigger judicial examination of the remaining factors. Id.;

7

see United States v. Doggett, 505 U.S. 647, 652 n.1 (noting that lower courts had generally found "delay 'presumptively prejudicial' at least as it approaches one year"); Shepard, 462 F.3d at 864 (8th Cir. 2006) (holding seventeen-month delay "compels us to look to the other factors"). Due to the lengthy delay, the Court will examine the other factors.

### 2) Reason for the Delay

The second Barker factor evaluates the reasons for the delay and evaluate whether the government or the criminal defendant is more to blame. Summage, 575 F.3d at 876. The reason for delay in this case has been largely due to co-defendants' motions, not due to the government. As discussed previously, motions filed by one defendant in a multi-defendant case amount as motions filed by all of the defendants, and the reasonable time taken to determine those motions will count as excludable time for all defendants. Fuller, 942 F.2d 454. Therefore, the reason for delay has been due to the Defendant, not the government.

### 3) Defendant's Assertion of his Right to Speedy Trial

"The third Barker factor considers 'whether in due course the defendant asserted his right to a speedy trial.'" Erenas–Luna, 560 F.3d at 778 (quoting United States v. Walker, 92 F.3d 714, 718 (8th Cir. 1996)). Mr. Ladeaux first asserted his rights to a speedy trial on January 3, 2022, in an objection to a Motion to Continue. (Doc. 160). Mr. Ladeaux again asserted his rights to a speedy trial on July 6, 2022, in an objection for a Motion to Continue. (Doc. 209). This factor weights in Mr. Ladeaux's favor.

### 4) Prejudice to the Defendant

Finally, the court must consider whether the delay prejudiced Mr. Ladeaux. "A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause." Mallett, 751 F.3d at 915 (quoting Reed v. Farley, 512 U.S. 339, 353, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (finding that the "necessary ingredient [prejudice] is entirely missing here"). In finding whether prejudice existed, the court should assess the interests served by the speedy trial right, which are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Sims, 847 F.3d at 636 (quoting Barker, 407 U.S. at 532).

Where the Government has been negligent, prejudice can be presumed if there has been an excessive delay. Erenas-Luna, 560 F.3d at 778-79. "Whether or not a showing of prejudice is required in every case, [the Eighth Circuit has] been clear that the degree of prejudice required, if any, depends on the defendant's showing under the preceding Barker factors." Sims, 847 F.3d at 636. Of the three interests provided, prejudice "is the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Erenas-Lunas, 560 F.3d at 778 (internal quotation marks omitted). However, when there is not a contention that the Government has been negligent nor failed to exercise reasonable diligence, a "showing of actual prejudice is required." Id. at 778-79.

Mr. Ladeaux believes that "prejudice is apparent" by the delay of trial (Doc. 238, pg. 6); however, there has been no showing that the government failed to exercise reasonable diligence in pursuing Mr. Ladeaux. Thus, Mr. Ladeaux must establish actual prejudice.

In using the factors from Sims to determine whether actual prejudice has occurred, the court finds no prejudice. Sims, 847 F.3d at 636. First, although Mr. Ladeaux has been incarcerated pretrial, the court does not believe the approximately 300-day period of incarceration was oppressive. Next, Mr. Ladeaux has been able to regularly confer with his attorney; thus, minimizing any undue anxiety or concern of the accused. Finally, Mr. Ladeaux's defense has not been impaired. Mr. Ladeaux cannot point to a specific "example of how Defendant's defense has been impaired." (Doc. 238, pg. 6). Mr. Ladeaux, although incarcerated, has been able to properly prepare for trial.

Mr. Ladeaux's unsupported assertion that the delay allows the government to gather additional statements and allegations is unfounded and unpersuasive. The delays in this case have been largely due to the co-defendants' motions, there has been no showing that the delays are due to the government's attempts to secure more time to investigate. Therefore, actual prejudice has not been established.

## **CONCLUSION**

For the foregoing reasons, it is hereby recommended that the court deny Defendant's motion to dismiss. (Doc. 221).

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of September 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge