UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ERIC LADEAUX,<br><br>　　　　　　　　Defendant. | CR. 21-50052-09-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Eric Ladeaux filed a motion to dismiss the indictment in his case on the basis of the Speedy Trial Act, 18 U.S.C. § 3161. (Docket 237). The motion was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of March 9, 2015. Magistrate Judge Wollmann issued a report and recommendation ("R&R"). (Docket 263). The magistrate judge recommended the defendant's motion be denied. Id. at pp. 1 & 10. Mr. Ladeaux timely filed his objections to the R&R. (Docket 268). For the reasons stated below, the defendant's objections are overruled and the R&R is adopted consistent with this order.

**DEFENDANT'S OBJECTIONS**

Mr. Ladeaux objects to the R&R for two reasons, summarized as follows:

1.　　Co-defendants' motions for continuances are distinguishable from other motions when calculating the time remaining under the Speedy Trial Act; and

2.　　The court failed to make findings to support its Speedy Trial Act determination under 18 U.S.C. § 3161(h)(7)(A).

(Docket 268). Both of the defendant's objections will be addressed.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files a written objection to the magistrate judge's proposed findings and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.   The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   Id.   See also Fed. R. Crim. P. 59(b)(3).   The court completed a *de novo* review of those portions of the R&R and the record before the magistrate judge.   Unless otherwise indicated, the court's findings are consistent with the findings made by the magistrate judge.

**ANALYSIS**

I.   CO-DEFENDANTS' MOTIONS FOR CONTINUANCES ARE DISTINGUISHABLE FROM OTHER MOTIONS WHEN CALCULATING THE TIME REMAINING UNDER THE SPEEDY TRIAL ACT

The R&R concluded that all motions filed by any defendant in a multi-defendant case results in excludable time for all of the defendants under the Speedy Trial Act ("STA").   (Docket 263 at p. 4).   Mr. Ladeaux objects to this conclusion.   (Docket 268 at p. 2).   He argues the magistrate judge misapplied 18 U.S.C. § 3161(h)(7)(A) and only pretrial motions "detailed in § 3161(h)(1)(D)" should pause the speedy trial clock.   Id. at p. 3.   Mr. Ladeaux "concedes that the current state of the law is that 'motions filed by one defendant in a multi-defendant case count as motions filed by all of the defendants, and . . . will count as excludable time for all defendants.'"   Id. at pp. 2-3 (citing United States v. Fuller, 942 F.2d 454, 457 (8th Cir. 1991).   However, he asserts that Fuller "only applies to delays resulting

from the filing of any 'pretrial motions' under 18 U.S.C. § 3161(h)(1)(D)."   <u>Id.</u> at p. 3 (referencing <u>Fuller</u>, 942 F.2d at 457).

Mr. Ladeaux argues if motions for continuances of co-defendants "were to be lumped in and considered identically with those 'pretrial motions' discussed in § 3161(h)(1)(D)," then § 3161(h)(7)(A) would be duplicitous.   <u>Id.</u>   Because the R&R "inappropriately excluded" co-defendants' continuance motions, Mr. Ladeaux argues that delay should have been "time counting toward Defendant Ladeaux's 70-day calculation."   <u>Id.</u>

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides, in part, "the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . ."   <u>Id.</u> § 3161(c)(1). Excluded from this time requirement are a number of events and activities.   <u>See</u> 18 U.S.C. § 3161(h).   Subsection (h) provides, in pertinent part, the following:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to . . .
>
>> (D)   delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>> . . .
>> (H)   delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

3

Id.  Other provisions within subsection (h) which exclude days from the speedy

trial clock and are pertinent to this case provide as follows:

> (6)    A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (7)(A)  Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. §§ 3161(h)(6) & (7)(A).

Subsection (c)(1) determines when the speedy trial clock begins and

subsection (h) sets forth those events or activities which pause or toll the clock.

See United States v. Leone, 823 F.2d 246, 249 (8th Cir. 1987) ("Section 3161(c)(1)

. . . is unambiguous in stating that upon an initial indictment, the seventy-day

clock begins to run upon the later of either (1) the . . . indictment, or (2) the

defendant's appearance before a judicial officer of the court.   Section 3161(h) of

the Act sets out several periods of delay which shall be excluded from the

running of the seventy-day period.").   Only those days not excludable under

subsection (h) count against the defendant's STA right of trial within seventy

days.

On March 18, 2021, a grand jury indicted seven defendants for conspiracy to

distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(A).[1]   (Docket

---

[1]The R&R mistakenly identified the offense charged as a violation of
21 U.S.C. § 841(b)(1)(B).   (Docket 263 at p. 2).

1).   On April 22, 2021, a superseding indictment added an eighth defendant. (Docket 76).   On October 21, 2021, a second superseding indictment added Eric Ladeaux as the ninth defendant of the drug conspiracy.[2]   (Docket 134).   Mr. Ladeaux made his initial appearance before the magistrate judge on November 15, 2021.   (Docket 146).   His arraignment restarted the STA clock for all eight defendants at 70 days.   "Where multiple defendants are joined for trial and no motion for severance has been granted, the statutory time period does not begin to run until the last codefendant has been . . . arraigned[.]"   United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998).

"[E]very motion filed by a defendant, whether or not it is frivolous and whether or not he is represented at the time of filing, tolls the speedy trial clock." United States v. El-Alamin, 574 F.3d 915, 923 (8th Cir. 2009) (citing United States v. Williams, 557 F.3d 943, 952 (8th Cir. 2009)).   "Periods of delay caused by pretrial motions, whether filed by the defendant, codefendants, or the prosecution, are excluded from the calculation of this 70-day time frame." United States v. Shepard, 462 F.3d 847, 863 (8th Cir. 2006).

Defendant's Fuller argument is misplaced.   In Fuller, the court reminded its readers that the STA "excludes '[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.' "   Fuller, 942 F.2d at 457 (citing 18 U.S.C. § 3161(h)(7); now at § 3161(h)(6)).   In that case, Mr.

---

[2]One defendant has not been arrested.   All references in this order will relate to the eight defendants who have made appearances in the case.

Fuller's "co-defendants filed a variety of motions before trial, which delay is excludable from the 70–day time limit."   Id.   Excludable delay includes co-defendants' motions for continuances which a court grants "in order to best serve 'the ends of justice.' "   Shepard, 462 F.3d at 863 (citing 18 U.S.C. § 3161(h)(7)(A), previously § 3161(h)(8)(A)).   See also United States v. Nyuon, No. CR. 12-40017-01, 2013 WL 11320147, at *2 (D.S.D. Jan. 25, 2013) ("Any motions to continue filed by his codefendant also count as though filed by him and are excludable time.") (citing Shepard, 462 F.3d at 864) (quoting Fuller, 942 F.2d at 457).

In a multi-defendant case, "[e]xclusions of time attributable to one defendant apply to all codefendants."   United States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014) (internal quotation marks omitted).   Any motion by a co-defendant stops the STA clock for all of the co-defendants.   Id.   The exclusions from the STA clock occur because the court's continuance orders apply to Mr. Ladeaux despite his refusal to join in the motions for continuance.   United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982).

Defendant's first objection is overruled.

II.   THE COURT FAILED TO MAKE FINDINGS TO SUPPORT ITS
      SPEEDY TRIAL ACT DETERMINATION UNDER 18 U.S.C.
      § 3161(H)(7)(A)

Mr. Ladeaux contends the magistrate judge mistakenly applied 18 U.S.C. § 3161(h)(7)(A) because the court's orders granting continuances failed to state the reasons the continuances were granted.   (Docket 268 at p. 4).   He contends the orders are "void of any 'reasons' for the finding" each time the court

6

concluded "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial."   Id.

On December 30, 2021, Mr. Ladeaux's co-defendant Taylor Hise filed a motion for a continuance.   (Docket 159).   In his motion, Mr. Taylor's counsel represented to the court that

> In order to properly represent Defendant, the undersigned attorney needs additional time to review discovery materials with his client . . . and discuss resolution with the Government.   The undersigned requests the Court continue all deadlines in the Court's Order a minimum of 90 days.

Id.   Counsel "further represent[ed] to the Court that this motion is made neither for purposes of undue delay nor other improper reason."   Id.   Mr. Ladeaux objected to Mr. Hise's motion.   (Docket 160).   Mr. Ladeaux objected because he had "been in custody . . . since November 15, 2021[, and] . . . does not agree to waive or toll his speedy trial rights if this continuance is granted."   Id.   Overruling Mr. Ladeaux's objection, the court granted Mr. Hise's motion finding "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial."   (Docket 163 at p. 1).   With that finding the court concluded "[t]he period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence.   18 U.S.C. § 3161(h)(7)(A)."   Id. at p. 3.

On February 22, 2022, while the STA clock was paused, co-defendant Devina Desersa filed a motion for continuance.   (Docket 179).   Among the

reasons for seeking a continuance, counsel advised that Ms. Desersa was pregnant and

> Additional time is needed to investigate the facts and law applicable . . . . the pregnancy and problems associated with it have made it difficult to communicate with the defendant concerning the discovery that has been provided . . . . [and] Counsel also had difficulty in locating witnesses that need to be contacted regarding the charges.

Id.   Mr. Ladeaux did not file an objection to Ms. Desersa's continuance motion. In granting Ms. Desersa's motion, the court specifically found that "counsel states additional time is needed . . . to complete the investigation and to review discovery with Ms. Desersa."  (Docket 181 at p. 1).   With that finding, the court also found "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial."   Id.   In granting the continuance motion, the court found that "[t]he period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence.   18 U.S.C. § 3161(h)(7)(A)."   Id. at p. 3.

On April 22, 2022, Mr. Hise moved for another continuance of the trial. (Docket 202).   Seeking an additional 90 days for pretrial preparation, counsel renewed his request for "additional time to review discovery materials with his client . . . and discuss resolution with the Government."   Id. at p. 1.   Mr. Ladeaux did not file an objection to Mr. Hise's motion.   In granting the motion, the court found Mr. Hise's "counsel states additional time is needed . . . to review discovery with Mr. Hise and for plea negotiations."   (Docket 203 at p. 1).   The court found "that the ends of justice served by continuing this trial outweigh the

best interests of the public and the defendants in a speedy trial."   Id.   With these findings, the court concluded that "[t]he period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence.   18 U.S.C. § 3161(h)(7)(A)."   Id. at p. 3.

On July 6, 2022, Ms. Desersa filed a second motion for continuance. (Docket 208).   In support of this motion, counsel represented that Ms. Desersa was "a high risk pregnancy and is required to attend various doctor appointments" and had an expected delivery date of July 28, 2022.   Id.   These complications limited counsel's communication with his client.   Id.   Counsel also represented to the court he needed additional time to investigate facts and applicable law.   Id.   Mr. Ladeaux objected to Ms. Desersa's motion.   (Docket 209).   Mr. Ladeaux's grounds for his objection were three-fold: (1) he had been in custody since November 15, 2021; (2) Ms. Desersa was on pretrial release and any further delay prejudiced him; and (3) he did not waive his STA rights.   Id. Even though he was represented by counsel, co-defendant Kevin Dunn filed a *pro se* objection to Ms. Desersa's motion.   (Docket 210).   Co-defendant Rita Green filed a motion for joinder to Ms. Desersa's motion.   (Docket 218).

While his co-defendants' motions were pending, Mr. Ladeaux filed a number of motions seeking severance (Docket 221), a bill of particulars (Docket 223), disclosure of impeachment information (Docket 225), disclosure of witness inducements (Docket 226), and two motions *in limine* related to "miscellaneous matters" (Docket 227) and experts (Docket 228).

9

On July 25, 2022, the court canceled the trial date until the pending motions were resolved.[3]   (Docket 230).   This was an "ends-of-justice" continuance under § 3161(h)(7)(A).   At that time, Mr. Ladeaux had six motions pending.   His motion to dismiss under the STA was filed 15 days later.   A subsection (h)(7)(A) tolling of the speedy trial clock is "an 'ends-of-justice' continuance: A trial may be delayed if a district court finds the ends of justice so require and 'sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.' "   United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014) (quoting 18 U.S.C. § 3161(h)(7)(A)).

The court's order constituted an open-ended and *sua sponte* continuance, which starts a period of excludable time under the Act.[4]   See United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997) ("An open-ended continuance may be granted to serve the ends of justice.").   See also United States v. Wilson, 216 F. Supp. 3d 566, 580 (E.D. Pa. 2016) ("The ['ends of justice'] continuance can be open-ended, rather than for a specific period of time, but it must be . . . granted prior to the days being excluded."); United States v. Santiago-Becerril, 130 F. 3d 11, 17-18 (1st Cir. 1997) ("Open-ended continuances are not prohibited *per se*.").

---

[3]The court also denied Ms. Desersa's motion as moot (Docket 231) and denied Ms. Green's motion for joinder as moot (Docket 232).

[4]Unique to this case, the order was entered during a time when the speedy trial clock was already stopped.   See Docket 203.

Some courts permitting open-ended continuances require the durations to be "reasonable."  See, e.g., United States v. Clark, 717 F.3d 790, 823 (10th Cir. 2013).   In the Eleventh Circuit, however, "[i]f the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* period of delay is excludable under [the Act.]"   Twitty, 107 F.3d at 1489 (emphasis in original); United States v. Hill, 487 Fed. Appx. 560, 562 (11th Cir. 2012) (citing this holding from Twitty).   The text of the statute mirrors the Eleventh Circuit's reasoning, providing for the exclusion of "*[a]ny* period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice" are served.   18 U.S.C. § 3161(h)(7)(A) (emphasis added).

The Act requires a court to accompany an "ends of justice" continuance with specific findings.   See id.   "No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."   Id.   "Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . the Act is ambiguous on precisely when those findings must be set forth in the record of the case."   Zedner v. United States, 547 U.S. 489, 506-07 (2006) (internal quotation marks and alteration omitted); Adejumo,

11

772 F.3d at 522.   "At the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss . . . ."   Zedner, 547 U.S. at 507.   Courts are "not required to make a contemporaneous record of [their] ends-of-justice findings."   Adejumo, 772 F.3d at 522 (noting that "a subsequent articulation suffices[. ]").   For those reasons, the ends of justice served by granting an open-ended, *sua sponte* continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The same rational applies to the court's earlier scheduling orders.   The court again finds that the periods of delay resulting from the earlier continuances are excluded under § 3161(h)(7).   In addition, the court now finds that the ends of justice were served based on the fact that defendants needed time to review the voluminous discovery materials, locate possible witnesses, and prepare for trial.   See Twitty, 107 F.3d at 1489 ("If the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* period of delay is excludable under [the Act.]") (emphasis in original).   Even if the Act required the continuances to be reasonable in duration, the court concludes the resulting exclusion of days is reasonable based on the findings above.

Defendant's second objection is overruled.

## CONCLUSION

Mr. Ladeaux has the burden to show his motion to dismiss pursuant to the STA should be granted.   United States v. Adejumo, 772 F.3d 513, 521 (8th Cir. 2014).   Mr. Ladeaux has not met that burden.   The R&R properly concluded the STA clock had not expired and recommended that Mr. Ladeaux's motion to dismiss be denied.   (Docket 263 at pp. 1 & 10).

## TIME REMAINING UNDER THE SPEEDY TRIAL ACT

The court conducted a detailed analysis of the activities in this case to determine the days remaining under the STA.   The 70-day clock started with Mr. Ladeaux's arraignment on November 15, 2021.   18 U.S.C. § 3161(c)(1).   An order setting the trial date and related deadlines was entered the same day. (Docket 150).   Twenty days lapsed on the speedy trial clock until Mr. Dunn filed his *ex parte* motion for a new attorney.   (Docket 155).   This motion paused the clock pursuant to 18 U.S.C. § 3161(h)(1)(D) until the court entered an *ex parte* order denying Mr. Dunn's motion on December 17, 2021.   (Docket 158).   The clock started the next day and ran for 12 days until Mr. Hise filed his motion for continuance.   (Docket 159)   As of December 31, 2021, 32 days had expired under the STA.   **Consistent with the above rulings, 38 days remain on the STA clock as of the date of this order**.

## ORDER

Based on the above analysis, it is

13

ORDERED that the defendant's objections (Docket 268) to the report and recommendation are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 263) is adopted consistent with this order.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 237) is denied.

A scheduling order will be entered.

Dated October 31, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE