UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>vs.<br>ERIC LADEAUX,<br><br>                            Defendant. | 5:21-CR-50052-KES<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant, Eric LaDeaux, moves for reconsideration of the court's previous order denying his motion for a new trial or judgment of acquittal. Dockets 508, 511. For the following reasons, the court denies the motion for reconsideration.

## BACKGROUND

LaDeaux was indicted on one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Docket 134. Magistrate Judge Daneta Wollmann initially appointed Ellery Grey to serve as LaDeaux's attorney. Docket 148. Magistrate Judge Wollmann later granted Grey's motion to withdraw due to a conflict of interest and appointed Koln B. Fink to serve as LaDeaux's attorney. See Dockets 188, 190. LaDeaux waived his right to a jury trial and consented to a court trial. See Docket 429; Docket 446. After the court trial, on August 31, 2023, Judge Jeffrey Viken returned a verdict of guilty on the sole charge,

conspiracy to distribute a mixture or substance containing 500 grams or more of methamphetamine. Docket 449.

LaDeaux filed a *pro se* motion to remove Fink as his attorney, claiming that Fink refused to file a motion to set aside the verdict. Docket 459. The court denied LaDeaux's motion to remove Fink. Docket 461. On September 19, 2023, LaDeaux nonetheless filed a *pro se* motion for a new trial or a judgment of acquittal. Docket 464. Fink then filed a motion to withdraw as counsel on the grounds that his relationship with LaDeaux had completely broken down. Docket 471. On October 2, 2023, Magistrate Judge Wollmann granted Fink's motion to withdraw and permitted LaDeaux to represent himself *pro se*. Docket 474. On October 26, 2023, the United States filed its response in opposition to LaDeaux's motion for a new trial or a judgment of acquittal. Docket 499. In a written order, the court denied LaDeaux's motion for a new trial or a judgement of acquittal. Docket 508. LaDeaux now moves the court for reconsideration of that order. Docket 511.

## LEGAL STANDARD

Under Rule 33 of the Federal Rules of Criminal Procedure, a court can vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "As a general rule, the decision whether to grant or deny a motion for a new trial lies within the discretion of the district court." *United States v. McMahan*, 744 F.2d 647, 652 (8th Cir. 1984) (citing *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984)). "When considering a motion for a new trial, the district court may 'weigh the evidence, disbelieve

witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.' " *United States v. Dowty*, 964 F.3d 703, 708 (8th Cir. 2020) (quoting *United States v. Amaya*, 731 F.3d 761, 764 (8th Cir. 2013)).

The court's authority to grant a new trial should nonetheless be used cautiously and sparingly. *United States v. Cole*, 537 F.3d 923, 926 (8th Cir. 2008) (citation omitted). "Rule 33 is [an] unusual remedy that is reserved for 'exceptional cases in which the evidence preponderates heavily against the verdict.' " *United States v. Anwar*, 880 F.3d 958, 970 (8th Cir. 2018) (alteration in original) (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)). "Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Campos*, 306 F.3d at 579.

## DISCUSSION

LaDeaux requests that the court reconsider its previous order and grant his request for a hearing on the issue of whether exculpatory evidence was withheld. Docket 511 at 1. The court discerns from LaDeaux's motion three main reasons he believes that reconsideration is appropriate.

First, LaDeaux claims that Judge Viken, at the time he rendered a guilty verdict, promised LaDeaux a new trial before exiting the courtroom. *Id.* at 1–2. What occurred is that after Judge Viken rendered a verdict, LaDeaux was invited to speak. LaDeaux told Judge Viken that he believed, based on inconsistences in the Bates stamps on his discovery materials, that some matter was not disclosed during discovery. Judge Viken informed LaDeaux that

he had the right under the Federal Rules of Criminal Procedure to file a motion for a new trial through his attorney if he believed there was a *Brady* violation.

Second and relatedly, LaDeaux asks the court to "look at [t]he stack of [m]y discovery[,]" which he asserts will show that "3500 to 3700 pages were provided and the [b]ates [s]tamps show that 19,000 pages were [n]ot [p]rovided." *Id.* at 2–3. This is the issue that LaDeaux raised with Judge Viken.

"To prove a *Brady* violation, a defendant must show that the prosecution suppressed [] evidence, the evidence was favorable to the accused, and the evidence was material to the issue of guilt or punishment." *United States v. Hernandez*, 299 F.3d 984, 990 (8th Cir. 2002) (quoting *United States v. Duke*, 50 F.3d 571, 577 (8th Cir. 1995)). "Evidence is material if there is a reasonable probability that the outcome of the proceeding would have been different if the evidence had been disclosed." *Id.*

LaDeaux makes no claims about what information was not disclosed in the pages he believes are missing, or why that information is favorable to him and material. His motion does not provide a sufficient description of how inconsistencies in the Bates stamps numbers on his discovery materials indicate that matter was withheld, much less raise a question as to whether those documents are favorable to him and material. Thus, no reason to grant a new trial or hold a hearing is established by LaDeaux's allegations of inconsistencies in the Bates stamps numbers on his discovery materials.

Third, LaDeaux contends that information concerning prosecution witness Kevin Dunn was not provided. Docket 511 at 3–4. At trial, a Facebook

4

conversation between LaDeaux and Dunn was introduced in which Dunn asked LaDeaux to sell him methamphetamine in exchange for a firearm. Docket 448 at 22. Dunn received shipments of methamphetamine as part of the conspiracy. *See id.* at 121. LaDeaux provides no reason beyond bare assertions to believe that information pertaining to Kevin Dunn was withheld, or that such information was favorable to him and material. Thus, no reason to grant a new trial or hold a hearing is established by LaDeaux's claims that information pertaining to Dunn was withheld.

## CONCLUSION

LaDeaux's allegations that the prosecution failed to timely disclose exculpatory material are insufficient for the court to find that a new trial is in the interests of justice. Thus, it is

ORDERED that LaDeaux's motion for reconsideration (Docket 511) is denied.

DATED February 9, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
